NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO K.A. AND L.A.

No. 1 CA-JV 25-0043

FILED 10-06-2025

---

Appeal from the Superior Court in Maricopa County
No. JD535548
No. JS520921
No. JS21895
The Honorable Adele Ponce, Judge

**AFFIRMED**

---

COUNSEL

Czop Law Firm PLLC, Queen Creek
By Steven Czop
*Counsel for Mother*

Arizona Attorney General's Office, Phoenix
By Veronica F. Rios
*Counsel for Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda Adams
*Counsel for Children*

_____

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

_____

**M c M U R D I E**, Judge:

¶1          Mother appeals the termination of her parental rights on the grounds of abandonment, prolonged substance abuse, and continued out-of-home placement, arguing insufficient trial evidence supports any of the grounds. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In August 2023, the Department of Child Safety ("DCS") took custody of Mother's two minor children because it observed drugs within reach of the children and an unsafe living environment. Through April 2024, Mother only visited with the children four times and appeared to be under the influence of drugs each time. She refused to engage in services and did not communicate with DCS.

¶3          In April 2024, Mother was arrested and jailed on a federal charge. The children's placement, a grandparent, informed DCS of Mother's incarceration. DCS attempted unsuccessfully to contact Mother while she was incarcerated. By May 2024, the children's placement had provided Mother with contact information for DCS, but Mother did not contact DCS until August 2024. Mother did not provide her children with cards, gifts, letters, or any other form of support.

¶4          Based on her criminal charge, Mother entered an inpatient substance-abuse program. Mother communicated with DCS after entering the program. In September, she had a successful visit with her children. Another visit was planned, but Mother did not attend because of transportation issues.

¶5          While Mother was in custody and DCS could not contact her, DCS petitioned to terminate her parental rights on the grounds of abandonment, prolonged substance abuse, and extended out-of-home placement. The juvenile court terminated Mother's parental rights on all

three grounds after an adjudication.[1] Mother appealed, and we have jurisdiction under Arizona Revised Statutes §§ 12-120.21(A)(1) and 8-235(A), and Arizona Rule of Procedure for the Juvenile Court 601(a) and (b)(2)(F).

## DISCUSSION

**¶6**  The termination of parental rights requires (1) clear and convincing evidence of a statutory ground for termination and (2) a preponderance of evidence that termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149-50, ¶ 8 (2018). Mother does not contest the best-interests finding, so the only issue is whether any of the grounds for termination can be upheld. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (When severance may be affirmed on one of the statutory grounds, we need not consider alternative grounds.); *see also Crystal D. v. Dep't of Child Safety*, 241 Ariz. 576, 577-58, ¶¶ 5-7 (App. 2017) (The failure to challenge one of the two prongs waives any argument to that prong.).

**¶7**  "[W]e accept the juvenile court's findings of fact if reasonable evidence and inferences support them," *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016), and will only overturn the court's finding of sufficient evidence supporting a statutory factor if "no one could reasonably find the evidence to be clear and convincing," *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478-79, ¶ 31 (2023) (quotation omitted); *A.R. v. Dep't of Child Safety*, 246 Ariz. 402, 405, ¶ 6 (App. 2019).

**¶8**  The failure to maintain a normal parental relationship with the child without just cause for six months creates a rebuttable presumption that a parent abandoned his or her child. A.R.S. § 8-531(1); *In re B.W.*, ___ Ariz. ___, ___, ¶¶ 17-18, 572 P.3d 88, 94-95 (2025). And the juvenile court can also find abandonment when a parent fails to "provide reasonable support and [] maintain regular contact with the child, including providing normal supervision." A.R.S. § 8-531(1); *see also Steven M. v. Dep't of Child Safety*, 254 Ariz. 426, 430, ¶ 12 (App. 2023). The trial evidence supports the abandonment finding.

**¶9**  Mother conceded at the termination hearing that she abandoned her children from August 2023 through April 2024 because of

---

[1]  The children's fathers' rights were terminated as well, but neither is a party to this appeal.

her substance abuse. As substance abuse is not a "just cause" for failing to maintain a normal parental relationship, this evidence supports a finding of abandonment. *See B.W.*, ___ Ariz. at ___, ¶ 24, 572 P.3d at 96 (Just cause requires "a reasonable and fair justification for not maintaining a normal parental relationship with the child."). Mother did not rebut this prima facie showing.

¶10 Additionally, before her incarceration, Mother saw her children four times, appearing to be under the influence of substances each time. From January 2024 onward, Mother only saw her children once, in September 2024. While incarcerated and in the inpatient program, she did not provide her children with cards, gifts, letters, or otherwise provide support, care, or supervision. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 24 (2000) (Incarcerated parents may still provide cards, gifts, or letters to bond with their child.). And her proffered reasons for not engaging with her children do not explain why she failed to fully exercise her parental rights as much as possible under the circumstances. *See id.* at 250, ¶ 22.

¶11 Mother asks us to reconsider and reweigh the trial evidence in a light more favorable to her. That is outside the scope of our review. *Alma S.*, 245 Ariz. at 151, ¶ 18 (We do not reweigh evidence on appeal.).

## CONCLUSION

¶12 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR